**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA**

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff/Respondent. | ) | **ORDER** |
| | ) | |
| vs. | ) | |
| | ) | |
| Alejandro Lazalde, | ) | Criminal Nos. 1:19-cr-045 and 1:19-cr-136 |
| | ) | Civil Nos. 1:23-cv-054 and 1:23-cv-053 |
| Defendant/Petitioner. | ) | |

On November 6, 2024, Defendant/Petitioner Alejandro Lazalde ("Lazalde") filed "Ex Parte Motions for Subpoenas Duces Tecum and Directing Production of Documentary Evidence" pursuant to Rule 6 of the Rules Governing Section 2255 cases and Rule 17(b) of the Federal Rules of Criminal Procedure. For the reasons that follow, the motion is granted in part.

**I.   BACKGROUND**

Lazalde executed plea agreements and entered guilty pleas pursuant to them in Criminal Nos. 1:19-cr-045 and 1:19-cr-136. He was sentenced and Judgments were entered on April 11, 2022. (Criminal No. 1:19-cr-045 at Doc. No. 448; Criminal No. 1:19-cr-136 at Doc. No. 276). No appeal was taken.

On March 15, 2023, Lazalde filed Motions under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct a Sentence by a Person in Federal Custody. (Criminal No. 1:19-cr-045 at Doc. No. 468; Criminal No. 1:19-136 at Doc. No. 283). He claims ineffective assistance, asserting that his court-appointed trial counsel failed to file notices of appeal in his two criminal cases as he had instructed following his sentencing hearings.

On May 30, 2023, the United States filed responses in opposition to Lazalde's motions.

(Criminal No. 1:19-cr-045 at Doc. No. 476; Criminal No. 1:19-136 at Doc. No. 286). Attached to its responses is the sworn declaration of court-appointed trial counsel in which counsel attests:

- He was unable to speak with Lazalde immediately following the sentencing hearing.

- He called Lazalde on April 13, 2022., at the Stutsman County Correctional Center (the facility to which Defendant has been moved following his sentencing hearing) to discuss, inter alia, Lazalde's appellate rights and was told in no uncertain terms by Lazalde that he (Lazalde) wanted to explore other options in lieu of appealing his convictions and sentences.

(Criminal No. 1:19-cr-045 at Doc. No. 476-1; Criminal No. 1:19-136 at Doc. No. 286-1).

On June 5, 2024, the Court issued orders in which it deferred ruling on Lazalde's § 2255 motions, appointed counsel to represent Lazalde in this matter, and scheduled an evidentiary hearing to address discrepancies between Lazalde's and court-appointed trial counsel's account of their conversations regarding Lazalde's appellate rights and preference on how to proceed. (Criminal No. 1:19-cr-045 at Doc. No. 482; Criminal No. 1:19-cr-136 at Doc. No. 289). The evidentiary hearing has been continued until February 10, 2025. (Criminal No. 1:19-cr-045 at Doc. No. 500; Criminal No. 1:19-cr-136 at Doc. No. 301).

On November 6, 2024, Lazalde filed "Ex Parte Motions for Subpoenas Duces Tecum and Directing Production of Documentary Evidence" pursuant to Fed. R. Crim. P. 17(b). (Criminal No. 1:19-cr-045 at Doc. No. 498; Criminal No. 1:19-cr-136 at Doc. No. 300). He seeks authorization for the issuance and service of a subpoena duces tecum directing TurnKey Corrections to produce the following:

> Any and all phone recordings, logs, and/or records from inmate Alejandro Lazalde while he was in North Dakota Stutsman County Jail from April 12, 2022, until April

26, 2022.

(Criminal No. 1:19-cr-045 at Doc. No. 498; Criminal No. 1:19-cr-136 at Doc. No. 300).

## II.     DISCUSSION

Citing Fed. R. Crim P. 17(b),[1] Lazalde asserts that the records, logs, and recordings he is endeavoring to subponea from TurnKey Corrections concern the timing and substance of his conversations with court-appointed counsel post-sentencing are therefore material to the matter presently in dispute.  He advises that he had contacted the Stutsman County Jail on October 22, 2024, and was referred to TurnKey Corrections, which confirmed that it possesses the materials he seeks but has made it clear that it will only release the materials if subpoenaed.

A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course.  Newton v. Kemna, 354 F.3d 776, 783 (8th Cir. 2004) (citing Bracy v. Gramley, 520 U.S. 899, 994 (1997)).  Instead, discovery in habeas proceedings is governed by Rule 6 of the Rules Governing Section 2255 Proceedings, which provides the following in relevant part:

> (a)     Leave of Court Required.  A judge may, for good cause authorize a party to conduct discovery under the Federal Rules of Criminal Procedure or Civil Procedure, in accordance with the practices and principles of law.  If necessary, for effective discovery, the judge must appoint an attorney for the moving party who qualifies to have counsel appointed under 18 U.S.C. § 3006A.
>
> (b)     Requesting Discovery.  A party requesting discovery must provide reasons for the request.  The request must also include any proposed interrogatories and requests for admissions and must specify and requested documents.

---

[1] Fed. R. Crim P. 17(b) provides: "Upon a defendant's ex parte application, the court must order that a subpoena be issued for a named witness if the defendant shows an inability to pay the witness's fees and the necessity of the witness's presence for an adequate defense. If the court orders a subpoena to be issued, the process costs and witness fees will be paid in the same manner as those paid for witnesses the government subpoenas."

Rule 6(a) of the Rules Governing Section 2255 Proceedings.  Good cause exists "where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is ... entitled to relief[.]"  Bracy, 520 U.S. at 908–09 (quoting Harris v. Nelson, 394 U.S. 286, 300 (1969)).  "The burden to establish 'good cause' rests with the moving party."  Honken v. United States, No. CR01-3047-LRR, 2011 WL 4527572, at *1 (N.D. Iowa Sept. 28, 2011) (citing generally Criminals from the First, Third, Fifth, Sixth, and Ninth Circuits).

There appears to be a dearth of explicit guidance in the Eighth Circuit as to whether a court, in the exercise of its discretion, should apply the criminal or civil rules in the context of discovery requests made during course of the § 2255 proceedings.  Notwithstanding the references to both the criminal and civil rules of procedure in Rules 6 of the Rules Governing Section 2255 Proceedings, the undersigned is inclined in the present context to apply Fed. R. Civ. P. 45[2] as opposed to Fed. R. Crim. P. 17 as Section 2255 proceedings are generally considered civil in nature.  See Hilton v. Braunskill, 481 U.S. 770, 776 (1987) ("Our decisions have consistently recognized that habeas corpus proceedings are civil in nature."); Hoggard v. Purkett, 29 F.3d 469, 471 (8th Cir. 1994) (stating that habeas proceedings are civil in nature); see also United States v. Cuya, 964 F.3d 969, 972 (11th Cir. 2020) (recognizing "a § 2255 motion is a civil action separate and apart from a prisoner's criminal case"); Lloyd v. McKendree, 749 F.2d 705, 707 (11th Cir. 1985) (citing 28 U.S.C. § 1825 for the proposition that "the district court is required to issue subpoenas . . . in *civil proceedings* for a writ of habeas corpus or pursuant to 28 U.S.C. § 2255" (emphasis added)).

---

[2] Fed. R. Civ. P. 45(a) provides the following in relevant part: "The clerk must issue a subpoena, signed but otherwise in blank, to a party who requests it. That party must complete it before service. An attorney also may issue and sign a subpoena if the attorney is authorized to practice in the issuing court."  Fed. R. Civ. P. 45(a)(3).

In Johns v. the United States, the court in the Southern District of Alabama took a similar tack when confronting the issue now before this court--the propriety of a petitioner's subpoena requests pursuant to Fed. R. Crim. P. 17(b). See No. CIV.A. 09-0386-WS-C, 2011 WL 1344245, at *1 (S.D. Ala. Apr. 8, 2011). There, it declined a habeas petitioner's request to issue ex parte subpoenas pursuant to Fed. R. Crim. P. 17(b) and instead issued the subpoenas pursuant to Fed. R. Civ. P. 45 as it viewed Fed. R. Civ. P. 45 as the proper vehicle by which to obtain subpoenas in a Section 2255 proceeding. Id. It reasoned that Section 2255 proceedings were decidedly civil dispositions of completed criminal proceedings. Id. It further reasoned that "a district court is required to issue subpoenas to indigent parties ' in civil proceedings . . . pursuant to 28 U.S.C. § 2255." Id. (quoting Lloyd v. McKendree, 749 F.2d 705, 707 (11th Cir. 1985). Its reasoning, while not binding on this court, is instructive.

Finding that Fed. R. Civ. P. 45 as opposed Fed. R. Crim P. 17 governs subpoena requests in the present context, the undersigned now turns to the substance of Lazalde's request. Lazalde has established indigency, the Court having appointed counsel to represent him in this matter. The undersigned finds that Lazalde has demonstrated good cause to warrant discovery. Lazalde has also satisfied the undersigned that the materials he seeks are relevant and material to an issue in this action, the timing and substance of communications between Lazalde and his court-appointed trial ounsel and whether his court-appointed trial counsel provided ineffective assistance. Finally, Lazalde has described the materials he seeks with sufficient specificity. Accordingly, the undersigned shall grant his request, albeit not under seal.

### III. <u>CONCLUSION</u>

The undersigned **GRANTS** Lazalde's motion (Criminal No. 1:19-cr-045 at Doc. No. 498; Criminal No. 1:19-cr-136 at Doc. No. 300) in part.  The court authorizes the issuance of a subpoena duces tecum for TurnKey Corrections and the documents or other tangible items in its possession that Lazalde had identified in his motion pursuant to Fed. R. Civ. P. 45(a).  The subpoena duces tecum shall not be issued under seal, however.  Fees and costs associated with this subpoena duces tecum shall be paid by the United States marshal in this district "on the certificate of the clerk of the court upon the affidavit of such witnesses' attendance given by other counsel appointed pursuant to section 3006A of title 18." 28 U.S.C.A. § 1825(b)(2).  Lazalde's "Ex Parte Motions for Subpoenas Duces Tecum and Directing Production of Documentary Evidence" and this order shall be unsealed.

**IT IS SO ORDERED.**

Dated this 12th day of November, 2024.

*/s/ Clare R. Hochhalter*
Clare R. Hochhalter, Magistrate Judge
United States District Court
